## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DENAUD M. EGANA**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO.  05-0119**

**STATE OF LOUISIANA**                          **SECTION "D"(4)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

**I.      Factual Background**

The petitioner, Denaud M. Egana ("Egana"), is currently on parole and living in the State of Georgia.[2]  Egana was previously charged on February 12, 1998, by Bill of Information in

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1, 4.

Jefferson Parish with one count of distribution of cocaine.[3]  He filed this petition for Federal Habeas

Corpus relief pursuant to Title 28 U.S.C. § 2254 seeking relief from his conviction on that charge.

The record reflects that, on November 6, 1997, an undercover narcotics agent approached

Egana and asked if he could purchase two rocks of crack cocaine.[4]  Egana took the agent to a

location where he purchased the crack and kept one rock as payment for his assistance in the

transaction.  The transaction was video and audio taped by a second officer as part of an on-going

undercover investigation.  The undercover agent later identified Egana from a photographic line-up

prior to his arrest which was delayed so as not to interrupt the on-going investigation.

Egana was tried before a jury on March 2, 1999, and found guilty as charged.[5]  Egana

thereafter filed a *pro se* Motion for New Trial on March 23, 1999, in which he alleged that the

photographic lineup should have been suppressed because it was tainted.[6]  The Motion was denied

by the Trial Court at the Sentencing Hearing held on April 12, 1999.[7]  That same day, Egana was

sentenced to serve ten years.[8]  His counsel withdrew because Egana did not wish to retain him for

post conviction matters.[9]

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 2/12/98.

[4]The facts were taken from the opinion of the Louisiana Fifth Circuit Court of Appeal on out-of-time appeal.
St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 01-KA-100, 7/30/01; *State v. Egana*, 792 So. 2d 931 (La. App. 5th Cir. 2001).

[5]St. Rec. Vol. 1 of 4, Trial Minutes (2 pages), 3/2/99; St. Rec. Vol. 2 of 4, Trial Transcript (Vol. I), 3/2/99.

[6]St. Rec. Vol. 1 of 4, Motion for New Trial, 3/23/99.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 4/12/99; St. Rec. Vol. 2 of 5, Sentencing Transcript, 4/12/99.

[8]*Id.*

[9]St. Rec. Vol. 1 of 4, Motion to Withdraw, 4/12/99.

II.     **Procedural Background**

A.      **State Post Conviction Proceedings and Out-of-Time Appeal**

On April 21, 1999, Egana filed a notice of intention to seek review of the denial of his Motion for New Trial.[10]   On May 7, 1999, the Trial Court granted Egana an appeal from the denial of his Motion for New Trial returnable by July 7, 1999.[11]   Egana filed an Application for Writ of Mandamus with the Louisiana Fifth Circuit Court of Appeal on May 28, 1999.[12]   The Court denied the application on June 10, 1999 for failure to seek prior relief in the Trial Court.[13]   On July 9, 1999, the court reporter filed a motion to dismiss this appeal for Egana's failure to pay for the transcripts.[14]   The motion was later dismissed as moot by the Trial Court.[15]

Two months later, on August 24, 1999, an attorney with the indigent defender's office filed a Motion for Appeal on behalf of Egana.[16]   The Trial Court granted the motion.[17]

---

[10]St. Rec. Vol. 1 of 4, Notice of Intention to Apply for Supervisory Writ of Certiorari, 4/21/99.

[11]St. Rec. Vol. 1 of 4, Trial Court Order, 5/7/99.

[12]The record does not contain a copy of this application.  The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court.  St. Rec. Vol. 1 of 4, 5th Cir. Order, 99-KH-597, 6/10/99.

[13]St. Rec. Vol. 1 of 4, 5th Cir. Order, 99-KH-597, 6/10/99.

[14]St. Rec. Vol. 1 of 4, Motion to Dismiss Appeal, 7/9/99.

[15]St. Rec. Vol. 1 of 4, Minute Entry, 10/15/99.

[16]St. Rec. Vol. 1 of 4, Motion for Appeal, 8/24/99.

[17]St. Rec. Vol. 1 of 4, Trial Court Order, 8/25/99.

On September 3, 1999, Egana filed another Application for Writ of Mandamus with the Louisiana Fifth Circuit.[18]  The court denied the Application because no appeal had been lodged.[19]

Shortly thereafter, Egana's appointed counsel filed three assignments of error to be considered on appeal: 1) the sentence was imposed without respect for the mandatory 24 hour delay after denial of the Motion for New Trial; 2) the sentence was excessive; and 3) a request for review for errors patent.[20]

After these pleadings were filed, Egana filed another pro se Application for Writ of Mandamus with the Louisiana Fifth Circuit on November 17, 1999, apparently seeking to borrow the trial record to review.[21]  The court denied the Application because Egana's appeal was pending under Case No. 99-KA-1127 and the record was being used.[22]  His subsequent Writ Application to the Louisiana Supreme Court was granted on March 31, 2000, for the sole purpose of transferring back to the appellate court his request to borrow the record.[23]

---

[18]The record does not contain a copy of this application.  The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court.  St. Rec. Vol. 1 of 4, 5th Cir. Order, 99-KH-986, 9/9/99.

[19]St. Rec. Vol. 1 of 4, 5th Cir. Order, 99-KH-986, 9/9/99.

[20]St. Rec. Vol. 2 of 4, Assignment of Errors and Designation of Record, 11/8/99; Appeal Brief, 11/8/99.

[21]The record does not contain a copy of this application.  The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court.  St. Rec. Vol. 1 of 4, 5th Cir. Order, 99-KH-1267, 11/22/99.

[22]St. Rec. Vol. 1 of 4, 5th Cir. Order, 99-KH-1267, 11/22/99.

[23]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 00-KH-0636, 2/29/00 (postmarked 2/9/00); St. Rec. Vol. 1 of 4, La. S. Ct. Order, 2000-KH-0636, 3/31/00; La. S. Ct. Letter, 2000-KH-636, 2/29/00.

In the meantime, on February 29, 2000, the Louisiana Fifth Circuit dismissed Egana's appeal for lack of jurisdiction without reviewing the claims.[24]  The court held that Egana did not timely file a Notice of Appeal in the Trial Court and that his counsel's motion was not an appropriate method for obtaining an out-of-time appeal.[25]  The court remanded the matter to allow Egana the opportunity to reinstate his appeal rights through post-conviction review.

On March 8, 2000, Egana's appointed counsel filed an Application for Post Conviction Relief Seeking Reinstatement of Right to Appeal.[26]  The Trial Court granted Egana an out-of-time appeal returnable in 60 days.  The Trial Court held that trial counsel rendered ineffective assistance of counsel because he failed to make a timely motion for appeal.[27]  Counsel did not lodge an appeal within the deadline imposed.

In the meantime, however, on March 22, 2000, Egana filed a *pro se* Writ Application seeking a rehearing on his appeal.[28]  The Louisiana Fifth Circuit denied the Application because Egana had sought relief in the Louisiana Supreme Court in Writ No. 2000-KH-0636.[29]

---

[24]St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 99-KA-1127, 2/29/00; *State v. Egana*, 758 So. 2d 881 (La. App. 5th Cir. 2000).

[25]*Id.*

[26]St. Rec. Vol. 1 of 4, Application for Post Conviction Relief Seeking Reinstatement of Right to Appeal, 3/8/00.

[27]St. Rec. Vol. 1 of 4, Trial Court Order, 3/28/00.

[28]The record does not contain a copy of this application.  The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court.  St. Rec. Vol. 1 of 4, 5th Cir. Order, 00-KH-325, 3/22/00.

[29]St. Rec. Vol. 1 of 4, 5th Cir. Order, 00-KH-325, 3/24/00.

On April 10, 2000, Egana filed another pro se Application for Writ of Mandamus with the Louisiana Fifth Circuit seeking to borrow the trial record.[30]  The court denied the Application because the appeal was dismissed on February 29, 2000.[31]

In spite of the foregoing proceedings, Egana's appointed counsel did not lodge an appeal with the Louisiana Fifth Circuit after obtaining leave to file the out-of-time appeal.  However, almost four months later, on August 4, 2000, Egana filed a Writ Application in the Louisiana Supreme Court.[32]

On September 22, 2000, the Louisiana Supreme Court granted the writ and issued a per curiam opinion instructing the Louisiana Fifth Circuit to reevaluate the timeliness of Egana's first attempts to lodge an appeal.[33]  On January 3, 2001, the Louisiana Fifth Circuit ordered the trial court to enter an out-of-time appeal and appoint counsel for Egana.[34]  The trial court complied with that mandate on January 5, 2001.[35]

Egana's appointed counsel again raised the following three grounds for relief in the out-of-time direct appeal: 1) the trial court failed to suppress the photographic lineup; 2) the trial court erred in imposing sentence within 24 hours of the denial of the Motion for New Trial; and 3) the

---

[30]The record does not contain a copy of this application.  The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court.  St. Rec. Vol. 1 of 4, 5th Cir. Order, 00-KH-909, 4/17/00.

[31]St. Rec. Vol. 1 of 4, 5th Cir. Order, 00-KH-909, 4/17/00.

[32]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 00-KH-2351, 8/4/00 (postmarked 7/14/00).

[33]St. Rec. Vol. 1 of 4, La. S.Ct. Order, 2000-KH-2351, 9/22/00; *State ex rel. Egana v. State*, 771 So. 2d 638 (La. 2000).

[34]St. Rec. Vol. 1 of 4, 5th Cir. Order, 00-KH-909, 1/3/01.

[35]St. Rec. Vol. 1 of 4, Trial Court Order, 1/5/01.

sentence was excessive.[36]  On July 30, 2001, the Louisiana Fifth Circuit rejected the claims on the merits and affirmed Egana's conviction.[37]

Egana did not seek rehearing or timely file for review in the Louisiana Supreme Court within thirty days after issuance of the appellate court's ruling.[38]

Two months later, on September 19, 2001, Egana filed an untimely[39] writ application in the Louisiana Supreme Court raising the same three claims raised in the out-of-time appeal.[40]  The application was postmarked September 5, 2001.[41]  The Louisiana Supreme Court denied the application for supervisory and/or remedial writs without reasons on June 21, 2002.[42]

### B.    Egana's First Federal Petition

On September 6, 2002, Egana filed a Petition for Federal Habeas Corpus Relief in which he raises four grounds for relief: (1) petitioner's right to due process was violated where the trial court failed to suppress the photo lineup; (2) petitioner's rights to due process were violated where the state withheld exculpatory and impeaching evidence with regard to the date the photograph used in the lineup was taken; (3) petitioner was denied effective assistance of counsel on direct appeal where

---

[36]St. Rec. Vol. 3 of 4, Appeal Brief, 01-KA-100, 4/3/01.

[37]St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 01-KA-100, 7/30/01; *State v. Egana*, 792 So. 2d 931 (La. App. 5th Cir. 2000).  The Court also ordered the trial court to notify Egana in writing with the newly amended post-conviction deadlines.  The trial court complied on August 9, 2001.  St. Rec. Vol. 1 of 4, Trial Court's Written Notice, 8/9/01.

[38]La. S.Ct. R. X § 5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment.  *See also* LA. CODE CRIM. PROC. art. 922(A).

[39]*Id.*

[40]St. Rec. Vol. 1 of 4, La. S.Ct. Letter, 2001-KH-2609, 9/19/01 (pleading postmarked 9/5/01); St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 01-KH-2609, 9/19/01 (no postmark noted).

[41]St. Rec. Vol. 1 of 4, La. S.Ct. Letter, 2001-KH-2609, 9/19/01 (pleading postmarked 9/5/01).

[42]St. Rec. Vol. 1 of 4, La. S.Ct. Order, 2001-KH-2609, 6/21/02; *State ex rel. Egana v. State*, 818 So. 2d 793 (La. 2002).

appellate counsel refused to address petitioner's *Brady* claim[43]; (4) the Louisiana Fifth Circuit Court of Appeal denied petitioner's right to file a supplemental brief whereby he could have addressed his *Brady* claim.

On May 21, 2003, on recommendation of the United States Magistrate Judge, the District Court dismissed Egana's federal petition for failure to exhaust state court remedies.[44]

### C.   Subsequent State Procedural Background

On May 22, 2003, Egana filed with the Trial Court a request to obtain copies of his mug shots.[45] The Trial Court denied the request and instructed Egana to file an appropriate public records request with the Jefferson Parish Correctional Center.[46]

Egana filed a Writ Application with the Louisiana Fifth Circuit on June 23, 2003.[47] The court denied the Application on July 11, 2003 finding no error in the Trial Court's ruling.[48]

Thereafter, on July 24, 2003, Egana filed *pro se* a Uniform Application for Post Conviction Relief raising three grounds for relief: 1) petitioner was denied due process where the prosecution withheld and suppressed impeaching and exculpatory evidence; 2) ineffective assistance of counsel

---

[43]In order to constitute a violation of *Brady*, three elements must be present: (1) the prosecution must suppress or withhold evidence, (2) which is favorable, and (3) material to the defense. Those are the conceptual qualities of *Brady* facts. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Langford*, 838 F.2d 1325 (5th Cir. 1988).

[44]Civil Action No. 02-2759"D"(4), Rec. Docs. 10, 11, 12.

[45]St. Rec. Vol. 1 of 4, Petition for Issuance of Writ of Mandamus, 5/22/03.

[46]St. Rec. Vol. 1 of 4, Trial Court Order, 5/30/03.

[47]The record does not contain a copy of this application. The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court. St. Rec. Vol. 1 of 4, 5th Cir. Order, 03-KH-730, 7/11/03.

[48]St. Rec. Vol. 1 of 4, 5th Cir. Order, 03-KH-730, 7/11/03.

on direct appeal where counsel failed to brief obvious and significant issues; and 3) the Louisiana

Fifth Circuit violated petitioner's right to file a *pro se* supplemental brief on direct appeal.

The Trial Court denied the application on August 6, 2003, finding the first claim was repetitive of the mug shot issue resolved on direct appeal, the second claim was meritless, and the third claim was not in a procedural posture for the court to review.[49]

Egana filed a Writ Application with the Louisiana Fifth Circuit on September 3, 2003, apparently seeking to compel the Trial Court to rule on his post conviction application.  The court denied the Application as moot because the Trial Court had already ruled.

Thereafter, on October 1, 2003, Egana filed an untimely Writ Application in the Louisiana Fifth Circuit apparently seeking review of the denial of his post conviction claims.[50]  The court denied the Application finding no error in the Trial Court's August 6, 2003, order.[51]

On November 17, 2003, Egana filed a Writ Application in the Louisiana Supreme Court, which was postmarked on November 3, 2003, seeking review of his post conviction claims.[52]  The court denied the Application without reasons on November 15, 2004.[53]

---

[49]St. Rec. Vol. 1 of 4, Trial Court Order, 8/6/03.

[50]The record does not contain a copy of this application.  The filing date appears on the face of the Louisiana Fifth Circuit's order and has been confirmed with the office of the clerk of that court.  St. Rec. Vol. 1 of 4, 5th Cir. Order, 03-KH-1236, 10/22/03.

[51]St. Rec. Vol. 1 of 4, 5th Cir. Order, 03-KH-1236, 10/22/03.

[52]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 03-KH-3167, 11/17/03 (postmarked 11/3/03).

[53]St. Rec. Vol. 1 of 4, La. S. Ct. Order, 2003-KH-3167, 11/15/04.

### III.      Current Federal Petition

On January 13, 2005, Egana filed a second[54] Petition for Federal Habeas Corpus Relief in which he raises one ground for relief alleging that the state withheld exculpatory and impeaching evidence in violation of *Brady*.[55]   The State filed an opposition memorandum arguing that Egana's petition is untimely filed and that the claim is otherwise without merit.[56]

In his traverse, Egana suggests that his petition should be considered timely because, when his prior federal petition was dismissed, he still had time under La. Code Crim. P. art. 930.8 to pursue post conviction relief in the Louisiana courts.[57]   He also re-urges his argument in support of his claim and requests an evidentiary hearing.

### IV.      Subject Matter Jurisdiction

Egana indicates in his pleadings that he has been released from prison and is on parole, living at a civilian address in Atlanta, Georgia.   Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254.   A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time of the filing of the petition under § 2254.   *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968).

---

[54]Egana's first petition was dismissed <u>without</u> prejudice for failure to exhaust state court remedies <u>without</u> an adjudication on the merits of the claims. Therefore, the instant petition is not a prohibited second or successive one. <u>See</u> <u>Barrientes v. Johnson</u>, 221 F.3d 741 (5th Cir. 2000) (when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)); <u>see also</u>, <u>Graham v. Johnson</u>, 168 F.3d 762 (5th Cir. 1999). Under the AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998).

[55]Rec. Doc. No. 1.

[56]Rec. Doc. No. 3.

[57]Rec. Doc. No. 5.

A prisoner who is placed on parole satisfies the "in custody" requirement because his release is not unconditional. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989). That is, the parolee is required to report regularly to his parole officer, remain at a given job, residence, and community, and refrain from certain activities. *Id.*, at 242.

Egana therefore meets the "in custody" requirement. The court therefore has jurisdiction to hear his challenge to the underlying conviction even though Egana is no longer incarcerated.

## V.    Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[58] applies to Egana's petition, which is deemed filed in this court under the federal "mailbox rule" on January 1, 2005.[59]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default"

---

[58]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[59]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Egana's federal habeas petition on January 13, 2005, the date on which the filing fee was paid. Egana dated his signature on the petition on January 1, 2005, which is the earliest date on which it could have been submitted to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The Court must therefore consider the State's defense that Egana's petition is not timely filed.

## VI.  Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[60] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). The Court must therefore determine when Egana's conviction became final to establish the triggering event for the timeliness of this federal petition.

### A.  The Finality of the Conviction

As outlined above, Egana was sentenced on April 12, 1999. Ordinarily, Egana's conviction would become final five days later on Saturday, April 17, 1999, or on the following business day, Monday, April 19, 1999, when he did not timely move to appeal or file for reconsideration of his sentence. *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five day deadline for filing a notice of appeal under La. Code Crim. P. art.

---

[60]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

914[61]), *cert. denied*, 539 U.S. 918 (2003).  Affording Egana every benefit, and for ease of reference, his conviction would be considered to be final on April 19, 1999, for purposes of this report.

However, in the instant case, Egana was granted and received an out-of-time appeal over one year after his conviction would otherwise be considered final under the AEDPA.  The question before the Court is, therefore, whether the out-of-time appeal had an impact on the commencement of the AEDPA's limitation period.

In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.), *cert. denied*, 124 S. Ct. 2099 (2004), the United States Fifth Circuit Court of Appeals was confronted with the question of whether an out-of-time petition for appellate review was still within "direct review" such that it restarts the finality of the conviction at issue for AEDPA limitation purposes.  *Id.*, at 429.  The Court resolved that it is not.

In so finding, the *Salinas* court acknowledged that the granting of a petition for out-of-time appellate review by the Texas state courts restored the petitioner to the position he was in when he first possessed the right to direct review under state law.  *Id.*, at 429; *see also*, *Cockerham v. Cain*, 283 F.3d 657 (5th Cir. 2002) (same, under Louisiana law).  The Court determined, however, that the granting of out-of-time review did not affect finality under federal law.  The Court considered the fact that, under Texas law, in order to gain the out-of-time review, the petitioner was to make his request through the collateral review process.  This, the Court concluded, took the petitioner out of the "direct review" process and entitled him to nothing more than tolling of the federal limitations period.  *Id.*, at p. 430.

---

[61]At the time of petitioner's conviction, La. Code Crim. P. art. 914 required a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence.  Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).  Article 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

Thus, for purposes of federal law, the Fifth Circuit held that the granting of a request for out-of-time review "tolls AEDPA's statute of limitations . . . but it does not require a federal court to restart the running of AEDPA's limitations period altogether." *Id*., at p. 430 (footnote omitted); *see also McGee v. Cain*, 104 Fed. Appx. 989, 991-992 (5th Cir. 2004) (applying *Salinas* rationale to Louisiana out-of-time writ application).  The Court resolved that, for limitations purposes, the conviction was final when the direct review process ended and it remained so.  *Id*.  The *Salinas* court further resolved that the fact that the petitioner was eventually granted an out-of-time appeal due to ineffective assistance of counsel did not restart the federal limitations period, nor did the attorney error or neglect constitute a basis for equitable tolling.  *Salinas*, 354 F.2d at 432 (quoting *Cousin*, 310 F.3d at 848).

Under Louisiana law, as in Texas, in order to obtain an out-of-time appeal, a petitioner must file an application for post-conviction relief.  *McGee*, 104 Fed. Appx. at 991 (*citing State v. Counterman*, 475 So.2d 336, 339 (La. 1985)).  Thus, the analysis in *Salinas* applies to Louisiana convictions, leaving the conviction final for AEDPA limitations purposes at the conclusion of the original period for seeking direct review.  *Id*.

In the instant case, Egana, like the petitioners in *Salinas* and *McGee*, was granted his out-of-time appeal as a result of his application for post-conviction relief in the state courts.  The out-of-time appeal did not restart or revive the finality of Egana's conviction for purposes of calculating the AEDPA's limitations period.  Therefore, pursuant to the holding in *Salinas*, as applied to Louisiana law in *McGee*, Egana's conviction was final on April 19, 1999, as calculated above.

### B.      The Limitations Period

Because Egana's conviction is deemed final on April 19, 1999, under the plain language of § 2244, he had until April 19, 2000, to file a timely federal application for habeas corpus relief and he failed to do so.  Thus, literal application of the statute would bar Egana § 2254 petition as of that date unless he is entitled to either equitable or statutory tolling.

### 1.      Equitable Tolling

As discussed *supra*, Egana is not entitled to equitable tolling for the period of delay in obtaining his out-of-time appeal, even if that delay was the result of attorney error.  *Salinas*, 354 F.2d at 432 (quoting *Cousin*, 310 F.3d at 848).  The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently, and there are rare or extraordinary circumstances preventing timely filing.  *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Egana has not alleged, and the record does not reflect, any basis for equitable tolling in this case.  The record does not show the type of extraordinary circumstances which would warrant equitable tolling.

The Court also finds that Egana is not entitled to equitable tolling for the pendency of his prior federal petition.  Egana suggests that, because he still had time under state law to return to the

state courts to pursue state post conviction relief, he should be allowed to return to this federal court to re-urge his now-exhausted claims.  The Court first notes that Egana has not raised several of the claims he raised in his first federal and has not raised some claims that he returned to the state courts to exhaust.  The record shows that he has unnecessarily wasted much of his own time since resolution of his out-of-time appeal with the filing of procedurally improper filings.

Nevertheless, Louisiana law provided Egana a two year time period from finality of his conviction as determined by state law to pursue state post conviction relief.[62]  The AEDPA allows only one year from finality of the conviction as determined by federal law.[63]  The disparity between these time limits is not unconstitutional and does not itself provide a basis for habeas corpus relief.  *See generally Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ellis v. Martin*, 1999 WL 1101241 at *3 (10th Cir. 1999).  Moreover, the AEDPA provides for a resolution of any conflict between state and federal post-conviction rights through its tolling provisions.  *See*, 28 U.S.C. §2244(d)(2).  Egana is therefore not entitled to equitable tolling during the pendency of his first federal petition in which he presented unexhausted claims.

The appropriate course would have been for Egana to complete state court exhaustion of all claims in a procedurally proper manner and benefit from the statutory tolling provided by the AEDPA.  He did not do so and is not now entitled to equitable tolling for his failings.  Therefore, the Court need only determine whether Egana is entitled to statutory tolling.

---

[62]*See* La. Code Crim. P. Art. 930.8.

[63]*See* 28 U.S.C. § 2244.

2.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace*, 125 S. Ct. at 1812; *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

17

substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies of documents from the record are not "applications for post-conviction or other collateral review" and therefore do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

Similarly, requests for mandamus relief that do not challenge the conviction or seek post conviction relief are not properly filed applications for post conviction relief and will not toll the limitations period. *See Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004) (quoting *Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003) (to qualify as an application for post conviction or other collateral review, the document must state the grounds on which it is based and the relief desired and attack collaterally the relevant conviction or sentence)).

In this case, Egana's AEDPA filing period began to run on Tuesday, April 20, 1999, the day after his conviction is deemed to be final for purposes of this report. The filing period ran for that one day when it was interrupted the next day, on April 21, 1999, when Egana filed a request to appeal the denial of his motion for new trial. The motion was granted and the subsequent writ

remained pending until July 10, 1999, which was 30 days after it was denied by the Louisiana Fifth Circuit when no further review of that order was available.

The filing period began to run again for another 44 days until Egana's counsel filed a motion for appeal on August 24, 1999. The limitations period remained tolled as Egana's counsel pursued that untimely appeal. The appeal was dismissed on February 29, 2000. However, the AEDPA limitations period remained tolled through Egana's overlapping and subsequent writ applications to the Louisiana Fifth Circuit and Louisiana Supreme Court.

During that tolled period, after dismissal of the appeal as untimely on February 29, 2000, Egana's counsel filed an application for post conviction relief on March 8, 2000, seeking leave to file an out-of-time appeal. The application was granted by the Trial Court with direction that the appeal be lodged within 60 days, or by May 29, 2000. Egana's counsel did not file or lodge the appeal within that delay. Thus, the limitations period began to run again on May 30, 2000, the day after the delay for filing expired.

The federal limitations period ran for another 45 days, until Egana mailed a writ application to the Louisiana Supreme Court on July 14, 2000. The writ was granted for the lower courts to determine his entitlement to an out-of-time appeal. Egana was thereafter given leave to file an out-of-time appeal by the Trial Court. The limitations period is therefore considered tolled from July 14, 2000 until August 29, 2001, which was 30 days after his out-of-time appeal was resolved and he did not seek timely review in the Louisiana Supreme Court.

The AEDPA limitations period ran uninterrupted for another 275 days, until May 31, 2002, when it expired. Egana had no other properly filed state application for post-conviction relief or other collateral review pending during that time.

The Court is aware that Egana filed a Writ Application with the Louisiana Supreme Court during that time period on September 19, 2001.  However, this pleading was not timely filed or postmarked within thirty days of the issuance of the underlying appellate court decision.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is not properly filed because it is untimely, and post-conviction review is not pending for purposes of AEDPA's statute of limitations and tolling doctrines.  *Williams v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000); *see Pace*, 125 S.Ct. at 1812.  Rule X§5(a) requires that a writ application seeking review of an appellate court ruling be filed or postmarked within 30 days of the issuance of the appellate court's order.

The Louisiana Fifth Circuit resolved Egana's out-of-time appeal on July 30, 2001.  Egana's subsequent Writ Application was filed in the Louisiana Supreme Court on September 19, 2001 and bore a postmark date of September 5, 2001.  Both dates are well beyond the 30 day period allowed under La. S. Ct. R. X§5.  The Writ Application was not timely and was not properly filed for tolling purposes.  Therefore, Egana is not entitled to tolling during the pendency of that application.

In addition, the record also shows that Egana filed his first federal petition for habeas corpus relief during this same time period on September 2, 2002.[64]  However, the law is well-settled that a federal petition is not a state post-conviction application or other collateral review for purposes of tolling under Section 2244.  *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001); *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999).  Therefore, Egana is not entitled to statutory tolling for the time his first federal petition was pending.  *Duncan*, 533 U.S. at 182; *Grooms*, 208 F.3d at 489.

---

[64]Under the federal mailbox rule, that petition would be considered filed on August 23, 2002, when Egana signed the petition.  The variance in dates is not relevant to the timeliness of the instant petition since Egana is not entitled to tolling for its pendency, as set forth above.

20

Egana also is not entitled to any tolling for the subsequent state court filings since they were made after the expiration of the AEDPA filing period as calculated above. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For all of the foregoing reasons, Egana's federal habeas corpus petition, deemed filed on January 1, 2005, was filed over two and one-half years after the AEDPA filing period expired on May 31, 2002. His federal habeas petition is untimely and should be dismissed as time-barred.

## VII.   <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Denaud M. Egana's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____31st_____ day of _____March_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

21